IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

**FILED**

MAR 17 2017

Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 13-17-BLG-DWM |
| Plaintiff/Respondent, | |
| vs. | ORDER GRANTING § 2255 MOTION AND SETTING HEARING |
| JOSEPH BAHR, JR., | |
| Defendant/Movant. | |

This case is based on Defendant/Movant Bahr's motion to vacate, set aside, or correct the sentence, pursuant to 28 U.S.C. § 2255. Bahr alleged that counsel was ineffective because he did not sufficiently explain the elements and investigate defenses to the charge of attempted sexual abuse.

The parties have conducted discovery and agree the motion should be granted. The United States will file an information charging abusive sexual contact. The parties request a joint change of plea and sentencing hearing.

A certificate of appealability will neither be granted nor denied because this Order is not adverse to Bahr. *See* Rule 11(a), Rules Governing § 2255 Proceedings.

An updated presentence report must be prepared. Because much of the original presentence report remains pertinent, the time limits in Fed. R. Crim. P. 32

1

will be abbreviated.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Bahr's motion under 28 U.S.C. § 2255 (Doc. 41) is GRANTED. The Judgment of October 23, 2013 (Doc. 37) is VACATED.

2. The United States must file any new charge on or before **March 20, 2017.** A combined change of plea and sentencing hearing is set for **April 12, 2017,** at **9:00 A.M.,** in the Russell Smith Courthouse, Missoula, Montana.

3. The United States Probation Office must prepare an updated presentence report with a new guideline calculation reflecting the new charge. The report must be disclosed to the parties on or before **March 24, 2017**. The probation officer shall not disclose, directly or indirectly to anyone under any circumstances, the substance or contents of any recommendation made or to be made to the Court.

4. In cases where restitution is mandatory, the probation officer shall consider a payment plan with the Defendant and make recommendations to the Court concerning interest and a payment schedule.

5. In accordance with U.S.S.G. § 6A1.2, after receipt of the presentence report and no later than **March 31, 2017,** counsel for each party shall present to the probation officer, in writing, any objections to be relied upon at sentencing and, if there is a dispute over any material in the presentence report, counsel shall meet

with the probation officer and attempt to resolve disputes informally by diligent good faith effort.

6. The presentence report, in final form, shall be delivered to the Court and the parties no later than **April 6, 2017**.

7. If the objections made pursuant to ¶ 5 are not resolved and counsel wishes the Court to address them, the objecting party shall submit all unresolved objections and a sentencing memorandum to the Court no later than **April 10, 2017**. The Court will resolve disputes in accordance with § 6A1.3 of the guidelines at the sentencing hearing. Responses to sentencing memorandum can be raised at the hearing.

8. The parties are advised that in the absence of good cause, the Court will not allow witness testimony at sentencing except as authorized by Fed. R. Crim. P. 32(i). The Court will not approve payment of witness fees and costs under Fed. R. Crim. P. 17(b) unless the witness testimony is authorized by Rule 32(i). If either party intends to have witnesses testify at sentencing, the party must notify the Court and the opposing party, by filing a separate notification document, no later than **April 10, 2017**, of the identity of the witness and the scope and purpose of the intended testimony. The requirement that the opposing party be notified of any intended testimony applies regardless of the language of Rule 17(b) contemplating ex parte application for witness subpoenas.

9.  Without leave of Court, the defendant may file no more than ten (10) letters of support.  Defendants wishing to file more than ten (10) letters must first seek leave of Court explaining why a greater number is necessary.

10.  When a new judgment is entered in the criminal case, the clerk shall close the civil file by entering judgment in favor of Bahr and against the United States.

DATED this 17ᵗʰ day of March, 2017.

Donald W. Molloy
United States District Court

cc:     USPO
        USMS